Joseph Kleschick *v.* Civil Service Commission of the City of Philadelphia. Joseph Kleschick, Appellant.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*Ronald Wolf,* with him *Salvatore J. Cucinotta,* and *Pirillo, Cucinotta & Tumini,* for appellant.

*Gayle R. Smith,* with her *Ralph J. Teti,* Assistant City Solicitor, *James M. Penny, Jr.,* Assistant City

Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, October 27, 1976:

Appellant was dismissed from the Philadelphia Police Department, effective May 18, 1974, and an appeal was filed with the Civil Service Commission (Commission). After a hearing the Commission found that a fair preponderance of the evidence proved the allegation that:

> On Thursday, April 18, 1974, while off duty, you [appellant] were apprehended in an automobile in the Lincoln Drive-In Theater on Route 1 along with [two other persons and] ... a quantity of marijuana.

The Commission found, however, that the surveillance and search and seizure at the drive-in theater were illegal for lack of probable cause. Appellant was given, therefore, the "benefit of the doubt because of constitutional considerations" and reinstated. Back pay was denied because of appellant's "unseemly conduct." Appellant, asserting a right to back pay, appealed to the Court of Common Pleas of Philadelphia County. That Court affirmed the decision of the Commission. This appeal followed. We affirm.

Appellant argues that considering illegally obtained evidence in determining whether appellant should receive back pay condones illegal police activity, thus indirectly raising the specter of *Mapp v. Ohio,* 367 U.S. 643 (1961), and of the exclusionary rule. Whether *Mapp* is applicable at all to dismissal proceedings is not before this Court. We hold, however, that the exclusionary rule is not applicable to a determination of whether back pay should be granted. Appellant is seeking affirmative relief. The issue is, therefore, civil in nature and the rule is inapplicable. *1958 Plymouth Sedan v. Commonwealth* 414 Pa. 540,

201 A.2d 427 (1964), *rev'd on other grounds*, 380 U.S. 693 (1965) (forfeiture is quasi-criminal where the forfeiture requires the determination that the criminal law has been violated).

Appellant further argues that he was discriminatorily singled out for investigation and harassed by the police department and is, therefore, entitled to back pay. Even if factually true, the contention overlooks the plain wording of Section 17.062 of the Civil Service Regulations:

> If the Commission sustains the appeal on the ground that the action complained of was taken by the appointing authority for any *political, religious* or *racial reason,* or for *labor union activity* lawful for municipal employees, it shall order the employee to be reinstated without loss of pay for the period of his suspension. In all other cases where the Commission sustains the appeal of the employee it *shall* order the reinstatement of the employee in his former position with or *without loss of pay* .... (Emphasis in original.)

Only in these four limited circumstances is the award of back pay mandatory. Because appellant's dismissal does not fall within any of these four categories an award of back pay is within the discretion of the Commission. This record contains substantial evidence that appellant's reprehensible behavior was the cause of his dismissal and justified the refusal of back pay. We cannot rule, therefore, that the Commission has abused its discretion. *See Farview State Hospital v. Snipas,* 21 Pa. Commonwealth Ct. 474, 346 A.2d 593 (1975).

Accordingly, the Order of the Court of Common Pleas of Philadelphia County is affirmed.

ORDER

Now, October 27, 1976, the Order of the Court of Common Pleas of Philadelphia County, dated Feb-

ruary 3, 1976, affirming the decision of the Civil Service Commission reinstating appellant without emoluments is affirmed.