Port Authority of Allegheny County, Pennsylvania, Appellant *v.* Division 85, Amalgamated Transit Union, Appellee.

Argued October 6, 1983, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Paul M. Puskar, Baskin and Sears, P.C.,* for appellant.

*Joseph J. Pass, Jr., Jubelirer, Pass & Intrieri, P.C.,* for appellee.

OPINION BY JUDGE MACPHAIL, January 17, 1984:

Donald Griffith was employed by the Port Authority of Allegheny County (PAAC) as a bus driver in 1973. While he was on duty, Griffith was bitten by a small insect on the forearm. The wound from the bite healed normally and quickly but Griffith continued to have difficulty with his arm. Although Griffith consulted many medical professionals none were able to help him. He made one effort to drive a bus and said the pain in his arm was so severe that he could not do so. Finally, he submitted to a psychiatric evaluation which produced a diagnosis of a chronic and severe conversion hysteria, a type of neurosis that causes persons to suffer physical reactions out of proportion to the outside stimulus.

Griffith remained off his job unitl October of 1981 when we was informed by his treating psychiatrist, Dr. Youngue, that he could return to work. When Griffith advised PAAC that he was physically able to return to work, PAAC had him examined by their medical director, Dr. Kinsel. Dr. Kinsel refused to qualify Griffith to return to work on the ground that Griffith's conversion hysteria would render him incapable of operating a bus with due regard to public safety.

Division 85, Almalgamated Transit Union (Union) thereupon filed a grievance which proceeded to a board

of arbitrators (Board). PAAC objected to the jurisdiction of that Board, contending that the grievance was not arbitrable. The Board found that the grievance was arbitrable and that PAAC's determination to refuse to qualify Griffith was arbitrary and capricious. The Board directed Griffith's reinstatement. That decision was affirmed on PAAC's appeal to the Court of Common Pleas of Allegheny County.

In its appeal from that order to this Court, PAAC contends that the court of common pleas utilized an erroneous standard of review when it affirmed the Board's decision and that the court erred when it did not uphold PAAC's jurisdictional argument that the issue of disqualification was not arbitrable. We will affirm the common pleas court.

The court of common pleas held that under the provisions of Section 7341 of the Uniform Arbitration Act (Act), 42 Pa. C. S. §7341, unless it found that PAAC had been denied a hearing or that fraud, misconduct, corruption or other irregularity caused an unjust, inequitable or unconscionable award, the court was bound to uphold the award. Finding no evidence of misconduct, etc. on the part of the Board, the common pleas court affirmed. PAAC contends that the court failed to consider the other provisions of the Act, specifically those set forth in Section 7314, 42 Pa. C. S. §7314 as grounds for vacating the Board's decision.

As pointed out by the Union, the Act is divided into two subchapters. Subchapter A provisions apply to arbitration proceedings only where the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to Subchapter A or any other similar statute; otherwise, Subchapter B provisions apply. Section 7302 of the Act, 42 Pa. C. S. §7302. PAAC has not alleged that its bargaining agreement contains the necessary language to bring it within

subchapter A and our review of the agreement fails to reveal the necessary language. We hold, therefore, that the so-called common law arbitration provisions of Section 7341 relating to judicial review apply to the facts of this case and that the common pleas court did not err in applying that standard.

P.A.A.C's argument that the factual issue presented by the grievance is not arbitrable is hinged entirely upon this Court's decision in *Division 85, Amalgamated Transit Union v. Port Authority of Allegheny County (Tegtmeier)*, 62 Pa. Commonwealth Ct. 528, 437 A.2d 105 (1981).[1] There we affirmed a decision of the Court of Common Pleas of Allegheny County which reversed an arbitration award. In the case *sub judice*, the Board indicated its strong disagreement with that decision and the court of common pleas found the decision distinguishable. In *Tegtmeier*, PAAC disqualified a bus driver who was found to have diabetes which required insulin for control. P.A.A.C's medical department had developed a formal written standard which provided, *inter alia*, that operators of company vehicles were not permitted to use insulin injections. Upon the filing of a grievance, a board of arbitrators ordered the bus driver reinstated.[2] As we have noted, the common pleas court reversed that award and we affirmed.

We concur with the court's conclusion that *Tegtmeier* is distinguishable. In *Tegtmeier* there was a known standard that applied to all employees and

---

[1] A petition for allowance of appeal to our Supreme Court is pending.

[2] The board held that the issue was arbitrable under Section 106(d) of the bargaining agreement which pertains to suspension or discharge of employees. We held that Section 106(d) was not applicable to a disqualification. In view of the facts that our decision is on appeal and that it is distinguishable from the instant case, we will not discuss that issue in this opinion.

which the arbitration board found to be a proper and reasonable exercise of managerial prerogative. The fitness of the employee to operate a bus was not an issue there. He was disqualified because he required insulin injections to control his problem. In the case now before us, the fitness of the employee to operate a bus was the *only* issue to be resolved. The treating psychiatrist testified that in his opinion Griffith could safely operate a bus in the Pittsburgh area. PAAC's physician was of a contrary opinion. The conflict raises an issue properly arbitrable under the principles of law more fully set forth in our opinion in *Tegtmeier* and unnecessary to repeat here.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Allegheny County dated September 29, 1982 is affirmed.