Robert W. Rice, Appellant *v.* The Board of Directors of the Easton Area School District, Appellee.

Submitted on briefs June 4, 1985, to Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Cregg E. Mayrosh, Cohn & Mayrosh,* for appellant.

*Elwood M. Malos,* for appellee.

OPINION BY JUDGE COLINS, July 18, 1985:

This is an appeal by Robert W. Rice (appellant) from an opinion and order of the Court of Common Pleas of Northampton County dismissing his appeal from the decision of the Easton Area School Board (School Board) which terminated his employment pursuant to Section 514 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §5-514.

Appellant was employed as a custodian for the Easton Area School District (School District). On October 13, 1982, he was charged by the Easton Police Department with making a series of anonymous and harassing telephone calls to another custodian. This conduct, if proven, would be in violation of Section 5504 of the Crimes Code, 18 Pa. C. S. §5504, Harassment by Communication. Also on that same date, appellant was sent a letter from William C. Pfeffer, Jr., the Director of Personnel of the School District, informing him that as of October 13, 1982, he was suspended without pay pending the outcome of the criminal charges against him and that if convicted, he would be involuntarily terminated. On October 15, 1982, appellant was sent another letter from Mr. Pfeffer. This letter indicated that a recommendation would be made to the School Board for termination of appellant's employment at its next regular meeting on October 25, 1982.

At its October 25, 1982, meeting, the School Board deferred action on appellant's termination. On October 26, 1982, appellant was bound over to Court on the criminal charges. Thereafter, by letter dated November 9, 1982, from Dr. Frances J. Rhodes, Superinten-

dent of Schools, appellant was notified that at its regular meeting on November 8, 1982, the School Board had voted 8 to 0 to involuntarily terminate him. The letter also advised appellant that he was entitled to a hearing and that if he requested one, to notify the School District in writing no later than November 16, 1982. Pursuant to appellant's request, a hearing was held on December 6, 1982, at which time the School District presented their case. Appellant, however, decided not to present any evidence or testimony due to the pendency of the criminal proceedings. The School Board on December 13, 1982, affirmed its prior action terminating appellant. Appellant filed a timely appeal with the Court of Common Pleas of Northampton County which was dismissed on May 27, 1983.

Our scope of review is limited to a determination of whether there was an error of law, a violation of constitutional rights, or whether there is substantial evidence to support the necessary findings of fact. *Bedeski v. Greater Nanticoke Area School District*, 58 Pa. Commonwealth Ct. 400, 427 A.2d 1269 (1981).

Appellant argues that his termination for allegedly making harassing telephone calls to a fellow employee was not supported by substantial evidence. The record indicates otherwise.

At the hearing, the victim testified that appellant was the only custodian with whom she did not get along; that she began receiving anonymous telephone calls on July 1, 1982; that in September of 1982, the calls on Monday through Friday came between 6:00 p.m. and 10:45 p.m.; that she requested the telephone company, in September of 1982, to install a tap on her line; that fifty-six (56) calls were recorded from July, 1982, until October, 1982; that essentially all of the calls came in between 3:00 p.m. and 11:00 p.m., except Saturdays, when the calls came in during the day; and that the caller would usually just hang up.

A tracing supervisor at Bell Telephone anonymous call group, Christine Nakon, testified that on September 20, 1982, a trace was instituted on the victim's line; that between that date and September 27th, eleven (11) calls were made to the victim from the school switchboard number, all between 6:00 p.m. and 11:00 p.m., and that on Saturday, September 25th, nine (9) calls were made to her from a number identified as that of appellant's.

William C. Pfeffer, Jr., testified that all of the calls made on Monday through Friday were made at times when appellant was on duty.

One of appellant's co-workers, John Frey, testified that the building is locked up at 3:45 p.m. and the teachers were usually gone by 4:30 p.m.; that the phones in the main office and the principal's office were not locked; that appellant would periodically leave to make a telephone call and that on occasion he would dial a number and hang up. He also stated that appellant had spoken derogatorily about the victim and claimed that she had cost him his job as head custodian.

Dino Fimiano, an employee at the Cheston School where appellant and the victim had worked together, testified that appellant told him he would get even with the victim.

Finally, the parties entered into a stipulation that all the other custodians on duty at the time the phone calls were made and with access to the line from which they were made, if called, would have testified that they never called the victim at any time, did not know her phone number and only saw her occasionally at union meetings.

In light of the foregoing, we conclude that there was substantial evidence to support the finding that appellant made the harassing telephone calls to the victim. *See Bovino v. Board of School Directors of*

*Indiana Area School District,* 32 Pa. Commonwealth Ct. 105, 377 A.2d 1284 (1977).

Appellant, however, argues that even if substantial evidence exists to support the School Board's finding that he made the calls, such conduct is, nevertheless, insufficient to support his dismissal. We disagree.

The right to dismiss appellant for "improper conduct" is specifically delegated to the School District by statute.

Section 514 of the Code provides that:

The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees, for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

Webster's Third New International Dictionary 1137 (1976) defines "improper" as "not in accord with propriety, modesty, good taste, or good manners." Appellant's conduct in making harassing telephone calls to the victim clearly falls within the above definition.

Appellant in his brief further argues that the standard of "improper conduct" is unconstitutionally vague. Appellant, however, has never raised this issue with the court below. As such, the issue has not been properly preserved and is, therefore, waived. *Western Pennsylvania Water Company v. Board of Property Assessment Appeals and Review,* 63 Pa. Commonwealth Ct. 472, 439 A.2d 1259 (1981).

Finally, appellant argues that the Board of School Directors failed to satisfy the notice and hearing requirements of Section 514 of the Code.

452

Appellant, however, has also waived this issue by not preserving it below. *Id.*

Accordingly, we affirm the order of the Court of Common Pleas of Northampton County.

ORDER

AND Now, this 18th day of July, 1985, the order of the Court of Common Pleas of Northampton County, at No. 1983-C-330, dated May 27, 1983, is affirmed.