505 A.2d 1080

Lafenus DeShields, Appellant *v.* Chester Upland School District, Delaware County, Pennsylvania, Appellee.

Argued December 11, 1985, before President Judge CRUMLISH, JR., Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Sam Sims*, for appellant.

*Leo A. Hackett, Fronefield & deFuria,* for appellee.

Opinion by Judge Doyle, March 5, 1986:

Lafenus DeShields (Appellant) appeals from the order of the Delaware County Court of Common Pleas which affirmed the action of the Chester Upland School District (School District) terminating the employment of Appellant.

Appellant was employed as a custodian at the Chester Upland schools from 1979 to 1984. On August 2, 1983, Appellant was arrested while off-duty on criminal charges relating to possession and attempt to deliver illegal substances. On the basis of this arrest, the Superintendent of the School District suspended Appellant without pay on August 18, 1983. On September 22, 1983, a hearing was held before a committee of the School Directors, during which a Chester City police officer testified that Appellant was arrested after Appellant was found to be in possession of 115 grams of marijuana. After the hearing, the School Directors determined to continue the suspension which was already in effect.

On December 12, 1983, the Delaware County Court of Common Pleas entered an order in the criminal action to suppress the evidence obtained from Appellant during his arrest. As a result, criminal charges against Appellant were dismissed, and on February 1, 1984, the court ordered the expungement of Appellant's arrest and prosecution.

On January 30, 1984, an additional hearing was held before the School Directors to consider the termination or reinstatement of Appellant. The testimony at the prior hearing was incorporated into the record, as well as the court orders disposing of the criminal charges. The School Directors terminated Appellant's employment, finding that the evidence supported the charge that Appellant was in possession of illegal substances, and that this was a sufficient basis for termination of employment under Section

514 of the Public School Code of 1949 (School Code).[1] On appeal to the court of common pleas, the court affirmed the action of the School District, and appeal to this Court followed.

Appellant raises two issues before this Court. First, Appellant contends that his termination was in violation of his constitutional and civil rights because it was based on illegally seized evidence which had been suppressed in a criminal trial. Second, Appellant contends that the evidence presented to the School Directors was insufficient to support the actions of suspension without pay and termination under the School Code.[2]

The legal issue presented by Appellant in this case is whether the exclusionary rule enunciated in *Mapp v. Ohio*, 367 U.S. 643 (1961), should be applied to a civil administrative hearing relating to the suspension or discharge of a public school employee.[3] This

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §5-514.

[2] Our scope of review is limited to a determination of whether there was an error of law, a violation of constitutional rights, or whether there is substantial evidence to support the necessary findings of fact. *Rice v. Board of Directors of Easton Area School District*, 90 Pa. Commonwealth Ct. 447, 495 A.2d 984 (1985).

[3] The School District contends that this issue has been waived by Appellant because he failed to object to the admissibility of the police officer's testimony at the hearing before the School Directors. Although it is true that Appellant's attorney made no formal objection, he did attempt to elicit, through cross-examination of the officer, the facts surrounding Appellant's arrest and subsequent seizure of his property. In response to an objection to this line of questioning, the following colloquy took place:

[Appellant's attorney] Well, first of all as the school district is a state body, a municipal body, if the seizure of this officer is illegal then this Board would be bound just as the court [is] in not considering that evidence against [Appellant] in this proceeding. . . .

. . . .

[School District Solicitor] First of all we are going to sustain the objection on the basis that first of all, this line

Court has examined a similar issue in *Kleschick v. Civil Service Commission,* 27 Pa. Commonwealth Ct. 125, 365 A.2d 700 (1976), where we held that the exclusionary rule was not applicable to a determination of whether back pay should be granted to a reinstated Philadelphia civil service employee. In *Kleschick,* however, we specifically declined to decide whether the *Mapp* rule would be at all applicable to *dismissal* proceedings. *Id.* at 126, 365 A.2d at 701.

Since *Kleschick* was decided, the United States Supreme Court has also considered the issue of the applicability of the *Mapp* rule in a civil context. In *United States v. Janis,* 428 U.S. 433 (1976), the Supreme Court held that evidence illegally seized by state narcotics agents could be used as evidence in a federal tax proceeding. Although the holding in *Janis* was dependent in part on the fact that agencies of separate sovereigns were involved, the applicability of *Janis* was later expanded by *Immigration and Naturalization Service v. Lopez-Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479 (1984). In *Lopez-Mendoza,* the Supreme Court was faced with the question of whether evidence obtained unlawfully by the Federal Immigration Service could be used by that same agency in a civil deportation proceeding. In reaching its con-

---

of questioning is not relevant to the issue that is presently before the Board this evening and I'll indicate further to you that in a proceeding before a Board of School Directors concerning either employee matters or student matters in termination, suspension or even expulsions concerning students, the exclusionary criminal rules of evidence are not applicable. So I am going to sustain the line of questioning you are pursuing at this point.

The record clearly indicates that Appellant's attorney raised the issue of the applicability of the exclusionary rule, but was precluded from pursuing a line of questioning relating to this issue. Thus, despite the lack of formal objection to the testimony, we believe that Appellant has adequately preserved this issue on appeal.

clusion, the court referred to its *Janis* decision as setting forth a framework for deciding in what types of proceedings the application of the exclusionary rule is appropriate. As the Court stated:

> the Court recognized in Janis that there is no choice but to weigh the likely social benefits of excluding unlawfully seized evidence against the likely costs. On the benefit side of the balance 'the "prime purpose" of the [exclusionary] rule, if not the sole one "is to deter future unlawful police conduct." ' . . . On the cost side there is the loss of often probative evidence and all of the secondary costs that flow from the less accurate or more cumbersome adjudication that therefore occurs.

*Id.* at , 104 S.Ct. at 3486 (citations omitted). The Court noted that in *Janis* the deterrent effect of the rule was slight, since the state law enforcement personnel were already "punished" by the exclusion of the evidence in the criminal trial. While the *Lopez-Mendosa* court acknowledged that the exclusionary rule is likely to be more effective in "intrasovereign" violations such as occurred in *Janis,* it nonetheless found other factors which indicated that the application of the exclusionary rule in civil proceedings before the immigration agency would not deter future illegal conduct by that same agency. *Id.* at , 104 S.Ct. at 3486-87. Thus, the Court declined to apply the rule. *Id.* at , 104 S.Ct. at 3491.

Applying the *Janis* balancing approach in this case, we have no difficulty concluding that the exclusionary rule should not be applied to this civil proceeding. Although the Chester City police department and the Chester Upland School District are both allied local agencies of the same sovereign, they have no formal relationship with each other, and are not in any way involved in, or responsible for, one another's op-

erations. Thus, the suppression of the evidence in the School District's termination hearing will have little effect in deterring the police department from future illegal conduct. In addition, as was noted in *Janis*, the police department has already been ''punished'' by the exclusion of the evidence in the criminal proceeding. On the cost side, the School District's interest in protecting its students and insuring a safe school environment would be jeopardized by the exclusion of evidence concerning serious misconduct by its employees. On the balancing scale therefore, it is clear that what slight deterrent effect an exclusion of evidence would have is far outweighed by the costs to society in restricting a school district in its efforts to secure the safety of our public schools. Thus, we must conclude that, on the basis of *Janis*, the evidence was properly admitted into evidence despite the fact that it had been illegally seized.[4]

Appellant also argues that the evidence presented was insufficient to support the School District's action in terminating him. Section 514 of the School Code provides:

> The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees, for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

The evidence established that a bag containing 115 grams of marijuana was seen leaving Appellant's

---

[4] *See Delguidice v. New Jersey Racing Commission*, 100 N.J. 79, 494 A.2d 1007 (1985) (allowing use of evidence illegally obtained by law enforcement personnel in denial of jockey license by racing commission).

420

hand during a police investigation. Appellant suggests that such evidence does not amount to "improper conduct" for purposes of Section 514, in view of the fact that he is a custodian with little contact with school students. Appellant's argument is without merit. In *Rice v. Board of Directors of Easton Area School District*, 90 Pa. Commonwealth Ct. 447 495 A.2d 984 (1985), we held that a school custodian's conduct in placing harassing telephone calls constituted improper conduct for purposes of Section 514. Certainly the possession of illegal narcotics by a school custodian, a much more serious offense, must also be considered improper conduct supporting a termination under Section 514. There is no question that a school custodian would have ample access to the student body, or a certain segment of a student body, if he had a mind toward that purpose.

For the foregoing reasons we conclude that the School District did not err in terminating Appellant's position. Accordingly, we affirm the decision of the court of common pleas which upheld the School Board's determination.

ORDER

Now, March 5, 1986, the Order of the Court of Common Pleas of Delaware County, No. 84-3562, dated May 3, 1984, is hereby affirmed.