610 A.2d 506

**BOARD OF EDUCATION OF the SCHOOL DISTRICT OF PHILADELPHIA**

v.

**PHILADELPHIA FEDERATION OF TEACHERS, AFL–CIO, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 19, 1991.

Decided April 2, 1992.

16

Nancy B.G. Lassen, for appellant.

Vincent J. Salandria, Asst. General Counsel, for appellee.

Before SMITH and PELLEGRINI, JJ., and NARICK, Senior Judge.

SMITH, Judge.

The Philadelphia Federation of Teachers, AFL–CIO (Federation), appeals from the order of the Court of Common Pleas of Philadelphia County which set aside an arbitrator's award and reinstated the decision of the Board of Education of the School District of Philadelphia (District) to discharge Bernard Brewer, a non-teaching assistant, after the District's investigation of sexual misconduct charges made against Brewer by a female high school student. Issues raised by the Federation are whether the trial court erred in setting aside the arbitrator's award which according to the Federation drew its essence from the parties' collective bargaining agreement, and whether the trial court exceeded its authority in setting aside the award.

In January 1989, the principal of the District's Charles Carroll School, where Brewer was employed, filed a report concerning the student's allegation that Brewer made sexual advances toward her that included physical contact. After subsequent investigation into the matter, Brewer was advised by letter of March 15, 1989 that the District recommended termination of his employment due to persistent and willful violation of School District regulations, immorality, and other improper conduct such as to constitute just

cause pursuant to Section 5–514 of the Public School Code of 1949 (School Code).[1]

The letter set forth the following: that inside the school on January 9, 1989, Brewer made sexual advances toward the student; that Brewer took her hand and tried to place it on his penis; that he told her he wanted to have sex with her; that prior to January 9, he made inappropriate remarks to her on a number of occasions regarding how much he wanted to make love to her, how fast he was going to get her, how pretty she was, and how much her eyes turned him on; that the charges were for both verbal and physical sexual harassment; and that in the course of the investigation the District discovered that in 1969 Brewer was found guilty of sodomy, rape, statutory rape, and voluntary manslaughter. In applications to the District, Brewer left blank questions regarding prior convictions for other than a minor traffic violation. Brewer was subsequently dismissed.

Brewer appealed the District's decision pursuant to the grievance procedures set forth in the collective bargaining agreement in effect between the District and the Federation which provides for arbitration of such disputes. After hearings at which both sides presented evidence, the arbitrator found, inter alia, that the student and another witness who also testified to the events in question "were not convincingly shown to have had any real motive to deliberately distort the truth"; that a photograph of Brewer with his arm and hand wrapped around the student "suggests a strange intimacy between a male N.T.A. [non-teaching assistant] and a student, whether it was welcome or not"; that Brewer was not justified "in making remarks that were overly intimate and sexually suggestive"; that Brewer had "indulged in verbal effrontery amounting to unwarranted and unauthorized sexual aggression"; that Brewer's testimony "was not glowing with credibility"; and that Brewer "indulged in making seriously reprehensible verbal sexual advances" to the student. The arbitrator concluded, however, that the District had failed to meet its burden of

1. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 5–514.

proof regarding the *physical* sexual harassment, which the arbitrator viewed as "the charge that mainly propelled" Brewer's discharge. The arbitrator thus converted the discharge into a disciplinary suspension for the offense of verbally soliciting a student.

On appeal, the trial court set aside the award on the basis that the arbitrator decided the case contrary to both the essence of the collective bargaining agreement and to the law, and that the award was clearly irrational in light of the facts as found by the arbitrator. The Federation then appealed to this Court.

■■■ This Court notes at the outset that review of an arbitrator's award entered pursuant to the Public Employe Relations Act[2] is limited. The proper judicial inquiry is whether the award draws its essence from the collective bargaining agreement. *Manheim Central Education Ass'n v. Manheim Central School Dist.*, 132 Pa. Commonwealth Ct. 94, 572 A.2d 31, *appeal denied*, 525 Pa. 661, 582 A.2d 326 (1990). Where the arbitrator's words exhibit an infidelity to the agreement, courts have no choice but to refuse enforcement of an award. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5*, 129 Pa. Commonwealth Ct. 392, 565 A.2d 1232 (1989). Subsumed within the essence test standard of review is the requirement that the arbitrator's interpretation of the agreement cannot be manifestly unreasonable. *Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia*, 526 Pa. 301, 586 A.2d 355 (1991). Thus, examination of the agreement is the first step in this Court's review.

■■■ Article N–III, Step 11 of the agreement provides that employees shall not be subject to discipline or discharge except for just cause which is not defined anywhere in the agreement. Further, Article B–VIII, Step 3c provides that the arbitrator shall have no power or authority to make any decision contrary to or inconsistent with terms of

2. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

the agreement or applicable law or which limits or interferes with the powers and responsibility of the District. Section 5–514 of the School Code provides, in part, that the District shall after due notice have the right at any time to remove an employee for violation of any of the school laws of this Commonwealth or other improper conduct. Moreover, the requirement of just cause for discharge does not infringe upon the prerogative of the District to adopt and enforce regulations regarding the conduct of its employees. *Board of Education of School Dist. of Philadelphia v. Philadelphia Federation of Teachers Local No. 3*, 464 Pa. 92, 346 A.2d 35 (1975).

This Court has defined improper conduct under the School Code as being conduct not in accord with propriety, modesty, good taste, or good manners. *Rice v. Board of Directors of Easton Area School Dist.*, 90 Pa. Commonwealth Ct. 447, 495 A.2d 984 (1985). Brewer's actions, as found by the arbitrator, clearly fall within this definition.[3] Inasmuch as the District's function includes, among other things, insuring the morality of its employees, *Manheim Central Education Ass'n*, it is therefore manifestly unreasonable to conclude that the District could have intended to bargain away its absolute responsibility to insure the integrity of its educational mission by discharging an employee who commits improper conduct. *Pennsylvania Liquor*

**3.** Similar instances of improper conduct and immorality have been held by this Court to be just cause for dismissal. *See Manheim Central Education Ass'n.* (arbitrator did not have authority to modify school district's dismissal of teacher who wrote love letters to two female students where arbitrator found that the conduct had occurred but concluded that just cause did not exist because various stressful incidents in the teacher's personal life were mitigating factors); *Rice* (school custodian's dismissal for improper conduct upheld where he made harassing telephone calls to another employee); *Penn–Delco School Dist. v. Urso*, 33 Pa. Commonwealth Ct. 501, 382 A.2d 162 (1978) (teacher's proposed spanking of two female high school students, which each perceived as sexual in nature, provided just cause for dismissal); *Bovino v. Board of School Directors of Indiana Area School Dist.*, 32 Pa. Commonwealth Ct. 105, 377 A.2d 1284 (1977) (teacher calling a fourteen year old female student a "slut" and implying that she was a prostitute was just cause for dismissal under the School Code).

*Control Board v. Independent State Stores Union,* 520 Pa. 266, 553 A.2d 948 (1989) *(ISSU).* Once the arbitrator found that Brewer committed the conduct charged, the question of appropriate discipline was a matter reserved by the agreement and by applicable law to the employer.[4] The arbitrator thus exceeded the scope of his authority under the collective bargaining agreement by not deciding the case consistent with the law and by modifying the penalty after finding commission of the conduct charged.

The arbitrator further erred in his characterization that the charge of *physical* sexual harassment was that which "mainly propelled" Brewer's discharge. It is clear from the March 15, 1989 letter that the bulk of the charges referred to Brewer's repeated *verbal* sexual harassment of the student, which the arbitrator found Brewer to have committed. That the District has not carried its burden on only one of the charges is inconsequential to the outcome here. Although the arbitrator found insufficient evidence to support the charges of physical harassment, what he did find supports the District's dismissal of Brewer for just cause.

Furthermore, the arbitrator was unreasonable in rationalizing his decision because of a perception that the student encouraged Brewer to act in the manner he did. Such concern for mitigating factors has previously been rejected by the courts. *See ISSU; Musser; Philadelphia Housing Authority v. Union of Security Officers No. 1,* 500 Pa. 213, 455 A.2d 625 (1983); *Manheim Central Education Ass'n.* Moreover, the arbitrator's approach to sexual suggestiveness which places more emphasis on the victim's actions and responses is characteristic of an era that has long passed and will not be condoned here. Thus, the trial court did not

4. *See County of Centre v. Musser,* 519 Pa. 380, 548 A.2d 1194 (1988) (arbitrator stepped beyond the bounds of his authority in modifying the employer's decision of dismissal of prison employees who assaulted inmate); *ISSU* (once arbitrator found that dismissed employee had committed the charged acts of manipulation of records and misappropriation of funds, such finding established just cause for dismissal and could not be modified).

exceed its authority in setting aside the arbitrator's award and its decision must be upheld.

## ORDER

AND NOW, this 2nd day of April, 1992, the order of the Court of Common Pleas of Philadelphia County is hereby affirmed.