637 A.2d 718

**Shirley SHAPIRO, Appellant,**

v.

**SCHOOL DISTRICT OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1993.

Decided Jan. 27, 1994.

512

Edmunds J. Brokans, for appellant.

Vincent J. Salandria, Asst. Gen. Counsel, for appellee.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

SMITH, Judge.

Shirley Shapiro appeals from the November 4, 1992 order of the Court of Common Pleas of Philadelphia County that denied Shapiro's petition to vacate an arbitration award denying Shapiro's grievance regarding her discharge by the School District of Philadelphia (School District). The issue raised on appeal is whether the trial court properly concluded that the arbitrator's award drew its essence from the terms of the collective bargaining agreement (Agreement) between the School District and Shapiro's union, the Philadelphia Federation of Teachers.

Shapiro was employed as a teacher with the School District since 1975. During the 1987–88 and 1988–89 school years, Shapiro's principal formally observed her performance on three separate occasions. After each observation, the principal filed an "unsatisfactory observation" report due to Shapiro's lack of control over the classroom, lack of organization, little observable instruction, and in one instance, Shapiro's infliction of corporal punishment upon two female students. As a result of her conduct, the district superintendent also observed Shapiro, gave her an unsatisfactory rating for the 1988–89 school year, and recommended dismissal. At the conclusion of that school year, Shapiro, the principal, and the district superintendent held a conference regarding the recommendation and, instead of being dismissed, Shapiro was given a five-day suspension and was administratively transferred to another school effective June 1989.

In February and March 1990, Shapiro was formally observed by her new principal, who filed unsatisfactory observation reports. In May 1990, the principal rated Shapiro unsatisfactory for the 1989–90 school year and recommended dismissal. Shapiro took sick leave from May 9, 1990 to the end of the school year. On July 30, 1990, the School District sent

a dismissal letter to Shapiro listing incompetency, persistent negligence, and persistent and willful violation of school rules as the bases for dismissal. The union grieved Shapiro's dismissal and the matter proceeded to arbitration.

The broad issue presented to the arbitrator was whether just cause existed for Shapiro's dismissal. After hearings, the arbitrator concluded that Shapiro failed to supervise students and conduct her classroom properly; she required repeated assistance which produced no substantive change in her performance; and the School District demonstrated just cause for Shapiro's discharge. In response to the union's argument that Shapiro's unsatisfactory rating for 1989–90 was without effect because the School District failed to have a district superintendent observe Shapiro in accordance with a School District administrative bulletin, the arbitrator concluded that Shapiro's failure to report to work for the remainder of the school year due to sickness made an observation by the district superintendent impossible and that under the circumstances, Shapiro's rating was appropriate. On appeal, the trial court denied Shapiro's petition to vacate the arbitration award.

 Review by this Court of an arbitrator's award entered pursuant to the Public Employe Relations Act[1] is limited. The proper judicial inquiry is whether the award draws its essence from the collective bargaining agreement. *Manheim Central Education Ass'n v. Manheim Central School Dist.*, 132 Pa.Commonwealth Ct. 94, 572 A.2d 31, *appeal denied*, 525 Pa. 661, 582 A.2d 326 (1990). Under the essence test, this Court is confined to determining whether the arbitrator's decision could rationally be derived from the collective bargaining agreement. *Pennsylvania Liquor Control Board v. Independent State Stores Union*, 520 Pa. 266, 553 A.2d 948 (1989). An arbitrator's award is to be respected by the courts if it represents a reasonable interpretation of the labor agreement between the parties. *County of Centre v. Musser*, 519 Pa. 380, 548 A.2d 1194 (1988).

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

■ Shapiro argues that the arbitration award upholding her discharge on the grounds of incompetency was fatally defective because it relied on a rating that was procedurally and substantively flawed. The basis for the School District's rating system can be found in Section 1123 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1123, which provides that in determining whether a professional employee shall be dismissed for incompetency, that employee "shall be rated by an approved rating system which shall give due consideration to personality, preparation, technique, and pupil reaction." Section 1123 further provides:

> Rating shall be done by or under the supervision of the superintendent of schools or, if so directed by him, the same may be done by an assistant superintendent, a supervisor, or a principal, who has supervision over the work of the professional employe ... who is being rated: Provided, That no unsatisfactory rating shall be valid unless approved by the district superintendent.

In accordance with Section 1123, Department of Education regulations require the following:

> (a) Two consecutive unsatisfactory ratings of a professional employe shall be necessary to dismiss on the grounds of incompetency. This requirement insures that dismissal is not based on the first instance of unsatisfactory performance but that dismissal follows notice and an opportunity for the professional employe to improve.
>
> (b) The intermediate unit director or district superintendent shall approve and sign the rating form when an unsatisfactory rating is recorded.
>
> (c) Whenever an unsatisfactory rating is given, it shall be supported by anecdotal records. The records shall include specific evidence likely to be important in the event of dismissal.

22 Pa.Code § 351.26. In addition to the requirements imposed by the Department of Education, the School District's Administrative Bulletin No. 16, II.B.2.f, provides that "[t]he

district superintendent is to observe all employes who are rated unsatisfactory in schools and is to make his own [report]."

Shapiro contends that because she was not personally evaluated by the district superintendent, the School District unlawfully used her illness as a pretext to avoid compliance with Administrative Bulletin No. 16 and, as a result, her unsatisfactory rating for the 1989–90 school year was a nullity which could not supply the required predicate for dismissal on the ground of incompetency. As stated by this Court in *American Federation of State, County & Municipal Employees Local 2026 v. Borough of State College*, 133 Pa.Commonwealth Ct. 521, 578 A.2d 48 (1990), once it is determined that the collective bargaining agreement encompasses the subject matter of the dispute, review of the arbitrator's findings is limited to whether the decision draws its essence from the agreement.

Article B–VIII of the Agreement provides that in a grievance procedure, the arbitrator shall have the power and authority to decide the matters based on a complaint that School District action was applied in a manner inconsistent with the general practice under such action followed throughout the school system in similar circumstances. Further, the arbitrator is without power or authority to make decisions contrary to, inconsistent with, or modifying the terms of the Agreement or applicable law. Therefore, under the terms of the Agreement, the arbitrator had the authority to interpret the School District's Administrative Bulletin.

Pursuant to this authority, the arbitrator concluded that observation of Shapiro by the district superintendent was rendered impossible by Shapiro's failure to report to work for the remainder of the school year due to illness. Such a conclusion is neither manifestly unreasonable, nor does it exhibit an infidelity to the Agreement. *See Board of Education of the School Dist. of Philadelphia v. Philadelphia Federation of Teachers, AFL–CIO*, 147 Pa.Commonwealth Ct. 15, 610 A.2d 506 (1992). Moreover, the Pennsylvania Supreme Court has held the fact that an arbitrator in analyzing a dispute may have "erroneously resolved it, does not provide

justification for judicial interference. [The Court's] inquiry ends once it is determined that the issue properly defined is within the terms of the agreement." *Leechburg Area School Dist. v. Dale,* 492 Pa. 515, 521, 424 A.2d 1309, 1313 (1981). In addition, the arbitrator's award presents no irregularity that would provide grounds to vacate the award because it does not import bad faith, ignorance of the law, or indifference to the equities of the result. *AFSCME Local 2026.*[2] Accordingly, the order of the trial court denying Shapiro's petition to vacate the arbitration award is hereby affirmed.

## ORDER

AND NOW, this 27th day of January, 1994, the order of the Court of Common Pleas of Philadelphia County is affirmed.

2. The School District asserts in its brief that the trial court should have granted the School District's preliminary objections to Shapiro's petition to vacate the arbitrator's award. Those preliminary objections alleged that Shapiro lacked standing to appeal the arbitrator's award to the trial court where the union failed to appeal the matter, that Shapiro's petition was not timely filed, and that Shapiro failed to state a cause of action. The trial court denied the preliminary objections on September 22, 1992. Because the School District did not file an appeal from the trial court's final order, this Court will not address these issues.