**Douglas E. BARHIGHT, Appellant,**

v.

**The BOARD OF DIRECTORS OF THE BRADFORD AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1996.

Decided Jan. 30, 1997.

Reconsideration Denied March 10, 1997.

Frank P. Clark, Hummelstown, for appellant.

Christian T. Mattie, III, Eldred, for appellee.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Douglas Barhight appeals an order of the Court of Common Pleas of McKean County which affirmed the decision of the Board of Directors of the Bradford Area School District (Board) which upheld the District's termination of Barhight's employment. For the reasons set forth below, we affirm.

Barhight was hired as the District's transportation supervisor in July of 1989 and was later given additional duties as head of District maintenance. However, on October 19, 1994, after a formal investigation, the District terminated Barhight's employment because it discovered that, *inter alia,* he had, on numerous occasions, instructed District employees to perform personal services for him. Specifically, he directed District personnel under his supervision, during work hours, to perform work on his house, his garage, his car, his van, his truck, his lawn mower, his tractor, his boat, his boat trailer, and other chores of a personal nature. The employees, on occasion, used District equipment and supplies while performing those services for Barhight.

Barhight responded with a timely request for a hearing before the Board. At the hearing, a number of District employees, including Barhight himself, testified to the substance of the charges brought against him. The Board made findings of fact describing twenty-five separate instances in which Barhight directed District employees, during work hours, to perform personal chores for him. The Board also found that the District did not have a policy of allowing employees to perform personal work on District time. The Board upheld Barhight's termination based upon the finding that Barhight neglected his duty, violated school laws of the Commonwealth, and engaged in other improper conduct. Barhight appealed that decision to the court of common pleas.

The common pleas court affirmed the Board's decision, holding that Barhight engaged in improper conduct within the meaning of Section 514 of the Public School Code of 1949 (Code),[1] and that there was substantial evidence to support the Board's finding of improper conduct.

Barhight appeals to this Court, arguing that (1) the personal use of District employees' services does not violate Section 514 of the Code, and (2) the Board decision was not supported by substantial evidence.

Section 514 of the Code provides, in pertinent part, as follows:

> The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to remove any of its officers, employes, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other **improper conduct**....

24 P.S. § 5–514 (emphasis added).

Barhight concedes that on numerous occasions he made personal use of the services of the personnel who worked under his supervision, but he contends that such conduct does not constitute "improper conduct" within the meaning of Section 514 of the Code. Barhight points out that previous cases interpreting Section 514 of the Code found improper conduct in the following actions: purchasing drugs, *Harmon v. Mifflin County School District,* 684 A.2d 651 (Pa.Cmwlth.1996); possessing drugs, *School District of Philadelphia v. Puljer,* 92 Pa.Cmwlth. 329, 500 A.2d 905 (1985); selling drugs off school property, *DeShields v. Chester Upland*

---

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 5–514.

*School District,* 95 Pa.Cmwlth. 414, 505 A.2d 1080 (1986); sexual harassment of students, *Board of Education of the School District of Philadelphia v. Philadelphia Federation of Teachers,* 147 Pa.Cmwlth. 15, 610 A.2d 506 (1992); and making harassing phone calls to co-workers, *Rice v. Board of Directors of Easton Area School District,* 90 Pa.Cmwlth. 447, 495 A.2d 984 (1985). Barhight argues that, in all of the aforementioned cases, the improper conduct was a "wicked and injurious" act, and, because his personal use of District property and employees lacked evil intent, it, therefore, does not fall within the reach of Section 514 of the Code. Our view, however, is different.

This case is similar to *Pedersen v. Unemployment Compensation Board of Review,* 74 Pa.Cmwlth. 130, 459 A.2d 869 (1983).[2] In *Pedersen,* the school district maintenance supervisor had used a district vehicle, during the workday when he was being paid by the district, to transport his personal motorcycle. He also made personal use of district supplies such as oil and paint. The district dismissed Pederson and he was denied unemployment benefits because his actions were deemed to constitute "willful misconduct." He appealed to this Court where we stated: "[R]epeated misappropriation of an employer's property, especially by an ... entrusted supervisory authority, rises to the level of willful misconduct." *Id.* 459 A.2d at 872.

■ The facts of this case are more egregious than the facts that constituted willful misconduct in *Pedersen.* The Board's opinion in this case listed twenty-five findings of fact involving misappropriation of personnel services and supplies, many of which Barhight admitted in his testimony before the Board. Moreover, these facts involve a serious breach of trust and a misuse of power by one with supervisory authority over the employees whose services he used for his own purposes. Therefore, we hold that Barhight's actions constitute improper conduct within the scope of Section 514 of the Code.

■ Second, Barhight argues that the Board's decision is unsupported by substantial evidence, because, *inter alia,* the evidence shows that the District had a policy of allowing employees to make personal use of District labor and supplies.[3] Contrary to Barhight's argument, the Board found as a fact that the District had no such policy. That finding is amply supported by the testimony of Maureen O'Mara, the District Superintendent, who testified that the District did not have any policy allowing employees to make personal use of District resources. The Board found Ms. O'Mara's testimony credible. Credibility determinations are the sole province of the Board and may not be reviewed by this Court on appeal. *Hickey v. Board of School Directors of Penn Manor School District,* 16 Pa.Cmwlth. 319, 328 A.2d 549 (1974).

■ Barhight also suggests in his brief that, because there is no evidence in the record that the District had a rule proscribing the personal use of District resources, his actions cannot be deemed improper. However, as the Board appropriately stated in its opinion:

A school district is the steward of property entrusted to it by the public and must faithfully use its property in fulfilling its constitutional duty to provide a public education. *A diversion of property or personnel services to personal use or advantage is by definition wrongful. There can scarcely be a person who needs written policy in order to grasp this basic truth.*

(Board's Opinion at 16.) (Emphasis added.) Therefore, even if the District had no explicit rule prohibiting such conduct, Barhight's argument must fail. *See Harmon v. Unem-*

---

**2.** Although the "willful misconduct" standard developed in unemployment compensation cases is different from the "improper conduct" standard in Section 514 of the Code, "improper conduct" implies a less demanding standard. Therefore, we believe that *Pedersen* is instructive here.

**3.** Included in his substantial evidence argument, Barhight asserts that the Board violated his due process rights by disregarding its progressive discipline policy and by conducting a secret investigation into this matter. However, these other "issues" were not properly raised because Barhight failed to include them in his statement of questions involved as required by Pa. R.A.P. 2116, and they are, therefore, waived.

*ployment Compensation Board of Review,* 66 Pa.Cmwlth. 320, 444 A.2d 806 (1982) (employee's theft was willful misconduct even though employer had no specific rule prohibiting such behavior).

Because the Board's findings of fact are supported by substantial evidence, and because Barhight's misappropriation was improper conduct under Section 514 of the Code, the common pleas court's order is affirmed.

## ORDER

**NOW,** January 30, 1997, the order of the Court of Common Pleas of McKean County in the above-captioned matter is hereby affirmed.