451 A.2d 671

PENNSYLVANIA LABOR RELATIONS BOARD

v.

BALD EAGLE AREA SCHOOL DISTRICT.

Appeal of: BALD EAGLE AREA EDUCATION ASSOCIATION.

PENNSYLVANIA LABOR RELATIONS BOARD, Appellant,

v.

BALD EAGLE AREA SCHOOL DISTRICT.

Supreme Court of Pennsylvania.

Argued April 13, 1982.

Decided Oct. 26, 1982.

William A. Hebe, Wellsboro, for appellant in No. 433.

James L. Crawford, Harrisburg, for appellant in No. 434.

John R. Miller, Bellefonte, for appellee in Nos. 433 & 434.

William A. Hebe, Wellsboro, for appellee in No. 434.

James L. Crawford, Harrisburg, for appellee in No. 433.

## OPINION OF THE COURT

HUTCHINSON, Justice.

Once again we have before us the issue of whether a dispute over striking teachers' entitlement to payment based

on a collective bargaining agreement providing for a maximum school work year of 183 days, of which 180 were to be pupil contact days, is arbitrable in the face of this Commonwealth's statutory law prohibiting any payment to public employees for the period during which they are on strike.

The instant case is here on appeal by allowance from a final order of the Commonwealth Court entered on July 13, 1979, affirming the December 30, 1977 order of the Court of Common Pleas of Centre County. Common Pleas had reversed a Pennsylvania Labor Relations Board (PLRB) order determining that the Bald Eagle Area School District (Appellee School District) committed an unfair labor practice when it refused to submit to arbitration a grievance filed by the Bald Eagle Area Education Association (Appellant Education Association). Without deciding the merits, the PLRB held that the matter was a proper subject of compulsory arbitration. Both the Common Pleas and Commonwealth Courts determined the issue in the case was not arbitrable because, in their view, any decision favorable to the Appellant Education Association would violate the policy prohibiting payment to public employees for any period in which they engaged in a strike. That policy is articulated in Section 1006, Act of July 23, 1970, P.L. 563, No. 195, 43 P.S. § 1101.1006 (PERA). Bearing in mind the importance of prompt disposition of disputes and resolution of grievances under a collective bargaining agreement and the concomitant strong policy articulated in the PERA requiring the submission of such disputes to arbitration in the first instance, we reverse the order of the Commonwealth Court, 44 Pa.Cmwlth. 254, 403 A.2d 1038, and reinstate the order of the PLRB to proceed to arbitration. Like PLRB, we do not decide the merits of the dispute.

The facts in this case are not in dispute. Bald Eagle Area School District started the 1975–76 school year on Wednesday, September 3, 1975. On Friday, September 12, 1975, the school district buses delivered the area pupils to school. Seven teachers arrived and looked after the pupils until they

were sent home, but the great majority of teachers were on strike. The seven teachers were paid for a regular day. All teachers returned to their duties on the following school day. Some time after September 12th an agreement was signed, effective September 1, 1975 to August 31, 1976.

The school calendar, which had been approved on March 13, 1975 and revised on August 14, 1975, designated September 3, 1975 as the first day of the school term and June 10, 1976 as the last, with provision for two snow days on June eleventh and sixteenth if needed. Having reminded the school district of its statutory obligation to provide 180 days of instruction for pupils,[1] the Department of Education then approved September 12, 1975 as a reimbursible day of instruction.[2]

After the close of the school term, Appellant Education Association filed a grievance with the appropriate first level supervisor on June 18, 1976, alleging that there were not 183 scheduled school days for teachers during the year ending August 31, 1976.[3] A complaint was filed with the PLRB on September 22, 1976, alleging Appellee School District's failure to strike a list of arbitrators for the purpose of proceeding to arbitration and its refusal to arbitrate in violation of Section 1201 of the PERA, 43 P.S. § 1101.1201.[4] As noted above, the PLRB then ordered the Appellee School District to proceed to arbitration and Appellee appealed to the Centre County Court of Common Pleas.

■ We have consistently held that "[t]he question of the *scope* of the grievance arbitration procedure is for the arbitrator, at least in the first instance." *Pittsburgh Joint Collective Bargaining Committee v. Pittsburgh,* 481 Pa. 66, 75, 391 A.2d 1318, 1323 (1978); *Board of Education v. Philadelphia Federation of Teachers,* 464 Pa. 92, 103 n. 13, 346 A.2d 35, 41 n. 13 (1975). As the dissenting opinion in

1. Letter dated September 30, 1975. Joint Record at 62a.

2. Letter dated October 15, 1975. Joint Record at 63a.

3. Report of Proceedings at 7.

4. Joint Record at 2a–5a.

Commonwealth Court noted, that court itself in *North Star School District v. PLRB,* 35 Pa.Commonwealth Ct. 429, 435, 386 A.2d 1059, 1062 (1978) has held that: "arbitration is not an improper remedy simply because an arbitrator might possibly fashion an invalid award," citing *In Re: Appeal of Jones,* 30 Pa.Commonwealth Ct. 549, 552, 375 A.2d 1341, 1342 (1977); *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board,* 30 Pa.Commonwealth Ct. 403, 373 A.2d 1175 (1977). We remain convinced that on this issue *North Star* properly reflects the public policy articulated by the General Assembly in Section 903 of the PERA, 43 P.S. § 1101.903: "Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory." We so hold.

In reaffirming the PERA policy mandating the use of arbitration to settle disputes between public employers and employees, we note that in such arbitration the parties and the arbitrator are bound by all of the provisions of that Act, including Section 703, 43 P.S. § 1101.703, and Section 1006, 43 P.S. § 1101.1006. These sections provide:

> The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters. 1970, July 23, P.L. 563, No. 195, art. VII, § 703.

and

> No public employee shall be entitled to pay or compensation from the public employer for the period engaged in any strike. 1970, July 23, P.L. 563, No. 195, art. X, § 1006.

In addition, Article XVI of the collective bargaining agreement signed by the parties acknowledges that they are controlled by Section 703, stating:

> If any provision of this Agreement or any application of this Agreement to any employee or group of employees is

held to be contrary to law, then such provision or application shall not be deemed valid and subsisting, except to the extent permitted by law, but all other provisions or applications shall continue in full force and effect.

Article XVIII further provides that: "Both parties agree to faithfully abide by the Provisions of Pennsylvania Public Employee Bargaining Law [sic], Act 195."

■ Courts have no reason to assume an arbitrator will ignore the law and award a payment based on a contractual interpretation which conflicts with a fundamental policy of this Commonwealth expressed in statutory law. If so, judicial relief is available. *See Pennsylvania Labor Relations Board v. State College, A.S.D.,* 461 Pa. 494, 337 A.2d 262 (1975); *Pennsylvania Labor Relations Board v. Zelem,* 459 Pa. 399, 329 A.2d 477 (1974); *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969).[5] Moreover, the judiciary has express statutory authority to review and correct or modify arbitration awards against the Commonwealth or its political subdivisions in the same manner as jury verdicts on a motion for judgment N.O.V. Judicial Code § 7302(d)(2), 42 Pa.C.S. § 7302(d)(2). (This section is an almost verbatim restatement of Section 11 of the Act of April 25, 1927, P.L. 381, No. 248, repealed by the Act of October 5, 1980, P.L. 693, No. 1980–142, JARA.)

The wisdom of the policy favoring arbitration of grievances arising under a collective bargaining agreement and the folly of permitting a full preliminary bout in the courts over the issue of an arbitrator's jurisdiction is demonstrated by this case. We find it absurd that, after six years, the substantive issue of one day's pay for the Bald Eagle Area

**5.** We note, in particular, that the authority to determine compliance with the provision requiring 180 days of instruction, 24 P.S. § 15–1501, rests with the Secretary of Education. *See* 71 P.S. § 352(a), giving the Department of Education the power and duty "[T]o administer all of the laws of this Commonwealth with regard to the establishment, maintenance, and conduct of the public schools....", and 24 P.S. § 25–2501 to 2592 demonstrating the Secretary of Education's authority to allocate and withhold reimbursements in various circumstances.

teachers has not been determined while the courts yet another time have examined the PERA policy favoring arbitration.

■ Furthermore, today's decision only returns the issue to the forum where it should have been decided at the outset; it obviously leaves open the possibility of additional review. However, were we to decide otherwise we would only encourage potential parties to such disputes to continue to follow the practice of preliminary litigating through one forum the power of another to decide the substantive issue. We condemn that practice and hold that hereafter issues involving conflicts between a public sector collective bargaining agreement and fundamental statutory policies of this Commonwealth must be presented first to arbitration for determination, subject to appropriate court review of any award in conflict with such policies.

The order of the Commonwealth Court is reversed and the matter remanded to PLRB for further proceedings consistent with this opinion.