In Re: Petition Of The Woodland Hills School District To Stay Arbitration Proceedings Commenced By Gregory Smith etc. Woodland Hills School District, Appellant.

Argued October 6, 1983, before Judges Williams, Jr., Barry and Blatt, sitting as a panel of three.

*Thomas M. Rutter, Jr.,* with him *Patrick J. Clair, Goerhing, Rutter & Boehm,* for appellant.

*Ronald N. Watzman,* for appellees.

Opinion by Judge Barry, March 30, 1984:

This appeal arises from a September 1, 1982, order of the Court of Common Pleas of Allegheny County which refused the relief requested by appellant, Woodland Hills School District (School District) in a Petition to Stay Arbitration.

The Woodland Hills School District is a consolidation of various school districts including Edgewood, Churchill Area, General Braddock Area, Swissvale

Area, and Turtle Creek Area. To eliminate confusion, the School District reached an oral agreement with the unions involved to permit five Collective Bargaining Agreements (CBA) to remain in effect. To avoid possible conflicts and confusion the parties also agreed that matters incidental to the normal operation of a school facility would be governed by the CBA formerly applicable to that facility and matters unrelated to the facility would be governed by reference to the CBA formerly applicable to the employees involved.

On January 5, 1982, the Woodland Hills School District posted notice that the position of Head Football Coach of the Turtle Creek High School was open. Applications were due by January 22, 1982. During the specified time when applications were to be submitted, the School District received only three applications, all from professional employees of the School District. For various reasons, none of the three applicants was selected.

Since the School District did not fill the position from within the employee ranks, it decided to advertise the position generally. It did so in the Pittsburgh Press between February 17 and 21, 1982, setting a deadline for receipt of applications by February 26, 1982. Prior to general advertisement of the position, Gregory Smith, an employee of the former General Braddock School District who was assigned to the Swissvale High School for 1981-1982, applied for the job. At the time Mr. Smith applied, the position had not been filled. Upon applying for the position, an administrator told Mr. Smith that he would be considered as an outsider since he had applied late.

After an initial screening process, the School District narrowed the field to three candidates, including Mr. Smith. Following further interviews, the School District selected another individual for the position.

On March 15, 1982, Mr. Smith and the Woodland Hills Education Association filed a grievance, challenging the selection of an outside individual for the coaching position. Arbitration was requested under the General Braddock Collective Bargaining Agreement. Subsequently, the School District filed an unfair labor practice with the Pennsylvania Labor Relations Board (PLRB) against Gregory Smith claiming that he filed a grievance pursuant to a contract which did not cover the alleged grievance.

The School District petitioned the trial court to stay arbitration proceedings commenced by Mr. Smith and the Woodland Hills Education Association. The trial court denied the petition to stay arbitration and ordered the matter to proceed to arbitration. It is from this order that the School District appeals.[1]

The School District argues that Mr. Smith is an outside applicant for the position rather than an employee, and is not entitled to invoke any collective bargaining agreement. It, therefore, argues that he cannot seek arbitration. We do not agree with this contention.

The issue before this Court is whether it is a matter for an arbitrator to determine whether Mr. Smith may seek arbitration. We believe Mr. Smith must be permitted to pursue the arbitration process and that it is for an arbitrator to determine whether Mr. Smith is able to invoke a collective bargaining agreement.

Section 903 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.903, provides, "Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory." Under this provision the Legislature intended that an arbitrator handle disputes which involve in-

---

[1] This order is interlocutory; however, the School District, in accordance with Pa. R.A.P. 311(a)(4), can appeal as a matter of right.

terpretations of matters related to arbitrability under a collective bargaining agreement. Indeed, the Supreme Court of Pennsylvania has stated that "broad judicial deference given arbitrators' decisions applies with equal force to determinations regarding the arbitrability of the subject matter of the grievance." *Scranton Federation of Teachers v. Scranton School District,* 498 Pa. 58, 65, 444 A.2d 1144, 1147 (1982). Accordingly, it is the responsibility of an arbitrator to determine in this case whether this dispute is within the purview of a collective bargaining agreement.

Recently the Pennsylvania Supreme Court, in *Pennsylvania Labor Relations Board v. Bald Eagle Area School District,* 499 Pa. 62, 451 A.2d 671 (1982), held that issues which involve conflicts between a public sector collective bargaining agreement and fundamental statutory policies of this Commonwealth must be presented first to arbitration, subject to appropriate court review of any award deemed to be in conflict with such policies. The Court, moreover, determined that the strong policy of PERA requires submission of disputes to arbitration in the first instance.

In *Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh,* 481 Pa. 66, 391 A.2d 1318 (1978), the City of Pittsburgh argued that the grievance arbitration procedure under the collective bargaining agreement in the case did not encompass a dispute concerning the discharge of an employee. The Court determined that it should be an arbitrator who first addresses the issue of whether the dispute over the discharge of an employee was encompassed by the grievance procedure of the collective bargaining agreement.

A recent case decided by this Court is also dispositive of this issue. In *East Pennsboro Area School District v. Pennsylvania Labor Relations Board and East Pennsboro Area Education Association,* 78 Pa. Commonwealth Ct. 301, 467 A.2d 1356 (1983), this

Court faced the question whether it was the function of the arbitrator to initially determine the arbitrator's own jurisdiction over grievances allegedly arising from collective bargaining agreements in the public sector. In *East Pennsboro,* we stated that:

> [i]t cannot too often be stated that Pennsylvania labor policy in the public area *requires* the submission to arbitration of disputes involving the collective bargaining agreement. County of Allegheny v. Allegheny County Prison Employees, 476 Pa. 27, 381 A.2d 849 (1977). By allowing the employer to unilaterally refuse to submit a dispute to arbitration would in effect allow the employer's interpretation to control. While the PLRB has statutory authority to determine questions of arbitrability when it decides an unfair labor practice has been committed by a refusal to arbitrate, the Supreme Court has made clear that questions of arbitrability must first be submitted to an arbitrator and that any refusal to arbitrate a dispute concerning a collective bargaining agreement is per se an unfair labor practice. (Emphasis in original.)

*Id.* at 308-309, 467 A.2d 1359. Thus, in light of this language, and the cases cited above, we hold that it is a matter for the arbitrator to decide whether the employee, Mr. Smith, is able to invoke an applicable collective bargaining agreement. We believe the Legislature intended in PERA to mandate arbitration of disputes allegedly arising under a collective bargaining agreement.

Order affirmed.

## ORDER

AND Now, March 30, 1984, the appeal from a September 1, 1982, order of the Court of Common Pleas of Allegheny County, at GD 82-12946 is affirmed.