629 A.2d 196

**CENTRAL BUCKS SCHOOL DISTRICT, Appellant,**

**v.**

**CENTRAL BUCKS EDUCATION ASSOCIATION**
**and David J. Gondak, Appellees.**

**CENTRAL BUCKS SCHOOL DISTRICT, Appellant,**

**v.**

**PENNSYLVANIA LABOR RELATIONS BOARD**
**and Central Bucks Education Association.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1993.

Decided July 13, 1993.

Thomas F.J. MacAniff, for appellant.

James L. Crawford, for appellees.

A. Martin Herring, for intervenors.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO and SMITH, JJ.

COLINS, Judge.

The Central Bucks School District (District) appeals from two orders of the Court of Common Pleas of Bucks County (Common Pleas), both of which arise from a dispute regarding whether the District must arbitrate a grievance filed by David J. Gondak (Gondak), a tenured teacher employed by the District. The first order, issued December 20, 1991, denied the District's petition for stay of arbitration. The second order, issued February 23, 1993, affirmed a final order of the Pennsylvania Labor Relations Board (Board) and dismissed the District's petition to review that final order.

The facts are not in dispute. Gondak was elected to a two-year term as vice president of the Pennsylvania State Education Association (PSEA); his term began in September 1991. By letter dated June 5, 1991, Gondak asked the District to maintain him as a full time employee during his term of office with PSEA. He indicated that PSEA would reimburse the District for his salary and benefits. The District, by letter dated August 16, 1991, informed Gondak that the Board of School Directors denied his request for a paid, reimbursable leave of absence at its meeting on August 13, 1991.

Gondak filed a grievance on August 16, 1991, alleging that the District had violated Article IV [1] of the Collective Bargaining Agreement (Agreement) between the District and the Central Bucks Education Association (Association). The Association requested that the grievance be expedited by proceeding directly to arbitration. The District refused to arbitrate and, on October 11, 1991, filed a complaint with Common Pleas seeking a stay of the arbitration and a declaratory judgment that Gondak has no right to arbitrate his grievance. Pursuant to the District's petition for preliminary injunction, a hearing was conducted, and on December 20, 1991, Common Pleas denied the request for a stay of arbitration. According to Common Pleas, Gondak is well within the class of the persons covered by the Agreement, and what he seeks is relief which arises from the relationship of the parties described in that Agreement. Believing that the Pennsylvania Supreme Court, in *Pennsylvania Labor Relations Board v. Bald Eagle Area School District*, 499 Pa. 62, 451 A.2d 671 (1982), had powerfully enunciated a policy whereby courts were not to examine the merits of a dispute regarding the interpretation of a collective bargaining agreement, Common Pleas declined to make a detailed examination of the Agreement, as was urged by the District. The District appealed to this Court.[2]

On October 15, 1991, the Association filed a charge of "unfair practices" with the Board, alleging that the District had violated Subsections 1201(a)(1)–(5) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.1201(a)(1)–(5), by refusing to process Gondak's grievance or to submit that grievance to arbitration. Concluding that the District committed an unfair practice within the meaning of Subsections 1201(a)(1) and (5)

1. Article IV provides: "Nothing contained herein shall be construed to deny or restrict to any part [sic] to this Agreement such rights as he/she may have under the Public School Code of 1949 as amended, or the Public Employee [sic] Relations Act, Act 195, or other applicable laws and regulations."

2. Although an order denying a preliminary injunction is interlocutory, such an order may be appealed as of right pursuant to Pa.R.A.P. 311(a)(4).

of PERA,[3] the hearing examiner directed the District to arbitrate Gondak's grievance. After considering the District's exceptions, the Board issued a final order on May 26, 1992 dismissing the exceptions and making the hearing examiner's proposed decision and order absolute. The District appealed to Common Pleas, arguing that the Board had no jurisdiction and erred in concluding that an unfair practice had been committed. Common Pleas affirmed the Board, opining that although it was faced with "two inconsistent policies with regard to the resolution of grievances under a collective bargaining agreement[,]" it could not ignore *Bald Eagle.* The District then appealed to this Court.

In this consolidated appeal, the District has raised the following issues: (1) Whether the Agreement evidences an agreement between the parties to arbitrate a grievance like the one filed by Gondak; (2) whether the Board had jurisdiction to decide the charge of unfair practices when the District had previously petitioned Common Pleas for a stay of arbitration; and (3) whether the Board erred in concluding that the District had committed an unfair practice pursuant to PERA.

Our review of a trial court decision is generally limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law has been committed or whether the trial judge abused his or her discretion. . . . Because a trial court should not enjoin arbitration unless it can be said with certainty that the agreement does not cover the dispute, . . . the trial court errs as a matter of law if it grants a stay of arbitration in a situation where it cannot be said with positive assurance

---

3. Subsections 1201(a)(1) and (5) of PERA, 43 P.S. §§ 1101.1201(a)(1) and (5), provide:

Public employers, their agents or representatives are prohibited from:

(1) Interfering, restraining or coercing employes in the exercise of the rights guaranteed in Article IV of this act.

. . . .

(5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

that the agreement is not susceptible to an interpretation which covers the dispute.... Thus, if we determine that this dispute is one which comes within the grievance/arbitration provisions of the collective bargaining agreement, we must [affirm Common Pleas].

*Phoenixville Area School District v. Phoenixville Area Education Association,* 154 Pa.Commonwealth Ct. 438, 442–443, 624 A.2d 1083, 1085 (1993) (citations omitted) (footnote omitted).

Findings of the Pennsylvania Labor Relations Board are conclusive if supported by substantial evidence.... The substantial evidence test articulated fully in [*Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.,* 345 Pa. 398, 400, 29 A.2d 90, 92 (1942)], means

' ... that it is the function of the board not only to appraise conflicting evidence, to determine the credibility of witnesses, and to resolve primary issues of fact, but also to draw inferences from the established facts and circumstances....' (Citations omitted)

The Board is delegated the exclusive function to decide cases arising under [the Act] in the first instance, ... and correspondingly, on appeal our standard of review is limited. We have said:

' ... [this Court] will not lightly substitute its judgment for that of a body selected for its expertise whose experience and expertise make it better qualified than a court of law to weigh facts within its field.' *Pennsylvania Labor Relations Board v. Butz,* 411 Pa. [360] at 377, 192 A.2d [707] at 716 [1963].

*Appeal of Cumberland Valley School District,* 483 Pa. 134, 139–140, 394 A.2d 946, 949 (1978).

The District argues first that it is entitled to a stay of arbitration pursuant to Section 7304(b) of the Uniform Arbitration Act (UAA), 42 Pa.C.S. § 7304(b), because there is no agreement to arbitrate Gondak's grievance.[4] According to the

4. Section 7304(b) of the UAA provides, in pertinent part: "On application of a party to a court to stay an arbitration proceeding threatened or

District, Article VII A and Article VIII of the Agreement address unpaid and paid leave, but neither section makes provision for or reference to the type of leave sought by Gondak. Additionally, according to the District, Article VIII A(2) provides that disapproval of a request for paid leave of more than five days is not subject to the Agreement's grievance procedure. We note that Article VII permits an employee to request unpaid leave for up to three semesters. Article VIII describes paid leaves of absence that may be taken for urgent reasons, for jury duty, for personal business days, or for a sabbatical. Article VIII A(2) applies only to paid leave for urgent reasons, which reasons include the sudden illness of a child, one's other medical needs, family funerals, religious holidays, or one's legal needs.

■ Once again, we are required to interpret Section 7304(b) of the UAA and Section 903 of PERA,[5] two apparently inconsistent statutes. Recently we said:

Read together these statutes confirm that if there is no agreement to arbitrate and an employee attempts to pursue an inapplicable grievance procedure, a stay of arbitration, pursuant to the [UAA], is appropriate. If, however, the agreement does not clearly permit or preclude grievance of the dispute, the provisions of the agreement must be interpreted to determine whether there is an agreement to arbitrate. In that case, a stay is not appropriate, and an arbitrator must determine whether the dispute is grievable.

*Phoenixville,* 154 Pa.Commonwealth Ct. 438 at 445–446, 624 A.2d at 1087 (footnote omitted). It has been long settled that " '[t]he question of the *scope* of the grievance arbitration procedure is for the arbitrator, at least in the first instance.' *Pittsburgh Joint Collective Bargaining Committee v. Pittsburgh,* 481 Pa. 66, 75, 391 A.2d 1318, 1323 (1978). . . ." *Bald Eagle,* 499 Pa. at 65, 451 A.2d at 672. There is, however, a

commenced the court may stay an arbitration on a showing that there is no agreement to arbitrate."

5. Section 903 of PERA provides, in pertinent part: "Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory."

threshhold question which must be answered regarding whether there exists an agreement to arbitrate the dispute. *In re Glover,* 137 Pa.Commonwealth Ct. 429, 587 A.2d 25, *petitions for allowance of appeal denied,* 528 Pa. 633, 598 A.2d 286 (1991).

> As we have held, 'courts are not at liberty to require submission to arbitration unless the parties have agreed expressly to do so. The submission to arbitration is essentially a contract with the authority of the arbitrators derived from the mutual assent of the parties to the terms of submission.' *Neshaminy Federation of Teachers v. Neshaminy School District,* 59 Pa.Commonwealth Ct. 63, 67, 428 A.2d 1023, 1025 (1981), *aff'd,* 501 Pa. 534, 462 A.2d 629 (1983).

> In *East Pennsboro [Area School District v. Pennsylvania Labor Relations Board,* 78 Pa.Commonwealth Ct. 301, 467 A.2d 1356 (1983)], we quoted well established law when we stated that '[j]ust as parties can contract to arbitrate certain questions they may also contract not to arbitrate in other areas.' 78 Pa.Commonwealth Ct. at 305, 467 A.2d at 1358. . . .

> *Middle Bucks [Education Association v. Executive Council, Middle Bucks Area Vocational Technical School,* 122 Pa.Commonwealth Ct. 595, 552 A.2d 763 (1989)] simply applies the UAA to the threshhold question of whether an agreement to arbitrate existed. If the court finds that there is no agreement, the UAA allows it to stay arbitration. If, on the other hand, an agreement to arbitrate is found, then Section 903 of PERA requires arbitration and the Hollinger line of cases is applicable.[6]

Since we do not view *Hollinger* and *Middle Bucks* as inconsistent, we hold that the trial court had jurisdiction to hear this matter.

6. In *Hollinger v. Department of Public Welfare,* 469 Pa. 358, 365 A.2d 1245 (1976), the Pennsylvania Supreme Court decided that exclusive jurisdiction to determine whether a violation of Section 1201 of PERA, 43 P.S. § 1101.1201, has occurred, is vested in the Board.

*In re Glover,* 137 Pa.Commonwealth Ct. at 434, 587 A.2d at 27–28.

■ Common Pleas properly denied the District's petition for stay of arbitration, because we cannot say with certainty that the Agreement does not address this dispute. Article III A of the Agreement specifically provides that "the Association may refer [a grievance not resolved by the three step grievance procedure] to arbitration pursuant to Section 903 of [PERA]." Article VIII A(2) exempts the denial of a request for more than one day per incident or more than five days per year of leave for urgent reasons from the grievance procedure. Additionally, Article VIII C(5) exempts the denial of a request for use of a personal business day from the grievance procedure. Requests for paid leave for jury duty or for a sabbatical are not exempted from the grievance procedure. Neither is a dispute regarding unpaid leave exempted from the grievance procedure. We conclude, therefore, that Common Pleas correctly denied the District's petition for stay of arbitration.

■ The District argues second that the Board has no jurisdiction in this matter, because prior to the filing of the charge of unfair practices, the District had petitioned Common Pleas for a stay of arbitration. We find none of the cases relied upon by the District to support its argument that the Board is divested of jurisdiction by virtue of the filing of a petition for stay in a common pleas court. Additionally, we can find no other case law or statutory law to support that proposition.

■ The District argues third that the Board erred in determining that it had committed an unfair practice. According to the District, *Glover* requires this Court to reverse Common Pleas. We disagree. *Glover,* as quoted *supra,* provides that a common pleas court can determine whether the parties agreed to arbitrate a particular dispute. If that common pleas court determines that an agreement to arbitrate exists, Section 903 of PERA and *Hollinger* and its progeny apply. In the matter *sub judice,* Common Pleas concluded that Gondak was covered by the Agreement and

that the relief he seeks arises from the relationship between the District and the Association set forth in the Agreement. Common Pleas, therefore, denied the petition to stay arbitration, and, pursuant to *Glover*, Section 903 of PERA, *Hollinger*, and its progeny apply.

In *Hollinger* the Pennsylvania Supreme Court determined that "jurisdiction to determine whether an unfair labor practice has indeed occurred and, if so, to prevent a party from continuing the practice is in the [Board], and nowhere else." 469 Pa. at 366, 365 A.2d at 1249. Thereafter, this Court, in *East Pennsboro Area School District v. Pennsylvania Labor Relations Board*, 78 Pa.Commonwealth Ct. 301, 467 A.2d 1356 (1983), stated the following:

> While the [Board] has statutory authority to determine questions of arbitrability when it decides an unfair labor practice has been committed by a refusal to arbitrate, the Supreme Court has made clear that questions of arbitrability must first be submitted to an arbitrator and that any refusal to arbitrate a dispute concerning a collective bargaining agreement is per se an unfair labor practice.

*Id.* at 309, 467 A.2d at 1359. The facts in the matter *sub judice* not being in dispute, we conclude that the Board's determination that the District committed an unfair practice by refusing to arbitrate is correct.

Accordingly, the orders of the Court of Common Pleas of Bucks County are affirmed.

## ORDER

AND NOW, this 13th day of July, 1993, the orders of the Court of Common Pleas of Bucks County in the above-captioned matters are affirmed.

KELLEY, J., did not participate in this decision.